IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Rick W. Harms, | ) | |
| | ) | **Case No. CI _____** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Complaint and Jury Demand** |
| | ) | |
| City of North Platte**,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Comes Now** Plaintiff, Rick W. Harms, by and through Plaintiff's attorney, Glenn A. Pelster, and for Plaintiff's cause of action against Defendant, City of North Platte, hereby alleges and states as follows:

1. Plaintiff's claims seek redress for the violations of the rights secured to him by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., as amended by the American's with Disabilities Act Amendments Act of 2008, (hereinafter, the "ADAAA"), and the common law of the State of Nebraska for wrongful termination in violation of public policy for seeking Workers' Compensation Benefits under the Nebraska Workers' Compensation Act and Temporary Disability Benefits under the Police Officers Retirement Act.

**Parties**

2. Plaintiff, Rick W. Harms, is an individual citizen of the United States and the State of Nebraska, and was at all relevant times herein, a resident of North Platte, Lincoln County, Nebraska.

3. Upon information and belief, Defendant, City of North Platte, was a City of the First Class, as defined by Neb. Rev. Stat. § 16-101, is a political subdivision located in the State of Nebraska and is an employer as that term is defined under the state and federal statutes set forth herein.

**Jurisdiction and Venue**

4. Paragraphs 1 through 3 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

5. Subject matter jurisdiction over federal employment claims is proper under federal question jurisdiction of 28 U.S.C. § 1331, and over the state law claims in this matter under supplemental pendant jurisdiction of 28 U.S.C. § 1367.

6. The unlawful employment practices complained of herein took place in North Platte, Lincoln County, Nebraska.

7. Venue is proper under 28 U.S.C. § 1391, as Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Plaintiff has fulfilled the administrative prerequisites to filing the instant timely action.

9. Plaintiff filed timely administrative actions with the Nebraska Equal Employment Opportunity Commission, (NEOC), and the Equal Employment Opportunity Commission, (EEOC) on or around August 26, 2015. The NEOC found reasonable cause to believe that Defendant discriminated against Plaintiff on the basis of disability for Failure to Accommodate/Termination. The Department of Justice issued notice right to sue, Plaintiff timely filed this action within ninety (90) days notice of receipt of the notice of right to sue.

**Factual Allegations and Statements Common to All Causes of Action**

10. Paragraphs 1 through 9 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

11. Plaintiff was employed with Defendant from approximately August 07, 2001, as a patrolman with the North Platte Police Department. Plaintiff's job performance with Defendant was satisfactory.

12. At all times alleged herein, Plaintiff was disabled as that term is defined the ADAAA.

13. On or about March 25, 2011, while serving in the line of duty, Plaintiff was involved in a shooting incident where he was required to take the life of an armed assailant in the course and performance of his duties as a police officer.

14. As a result of this shooting incident, Plaintiff developed Post Traumatic Stress Disorder (PTSD).

15. Defendant had knowledge of Plaintiff's disability from a psychological report/assessment submitted to Defendant by Nicoletti-Flater Associates, PLLP on or around April 2, 2014 pronouncing Plaintiff "Fit for Duty With Considerations."

16. The Conditions placed on Plaintiff's Fit for Duty qualification included "If Officer Harms experiences any further difficulty associated with depression, anxiety, stress, trauma, anger, or suicidal thoughts or behaviors, he should be removed from his assignment and placed on leave to determine if any further evaluation/intervention is needed."

17. On or around February 13, 2015, Plaintiff experienced issues with depression, anxiety, stress, trauma, anger, and/or suicidal thoughts or behaviors as a result of his disability and requested the reasonable accommodation that he be placed on leave. Defendant granted Plaintiff's request to be placed on leave.

18. Pursuant to state statute, Defendant maintains a Temporary Disability Policy. Plaintiff requested to be placed on Temporary Disability, but the Respondent denied Plaintiff's request.

19. On May 1, 2015 Plaintiff filed claim in the Nebraska Workers' Compensation Court seeking benefits und the Nebraska Worker's Compensation Act.

20. On or around June 25, 2015, and July 13, 2015 Plaintiff requested a reasonable accommodation of light duty and/or reassignment to an open and available positon for which he was qualified. Defendant refused to provide light duty and/or reassignment to an open and available position for which Plaintiff was qualified.

21. On or around July 20, 2015, Plaintiff requested a reasonable accommodation of additional leave. Defendant refused to provide Plaintiff the requested reasonable accommodation and failed to engage in good faith discussions with Plaintiff regarding reasonable accommodation as required by the ADAAA.

22. On or around July 22, 2015 Defendant terminated Plaintiff for failure to return to work after his leave expired.

23. Upon information and belief, Plaintiff believes that Defendant has automatically extended leave for other employees who did not return to work at the expiration of their leave.

23. Plaintiff's disability was a motivating factor in Defendant's refusal to automatically extend his leave.

24. The disabled Plaintiff was discriminated against in the terms, conditions, and privileges of his employment and a motivating factor in Defendant's discriminatory decision(s) was his disability.

25. As a result of the discrimination, Plaintiff has sustained compensatory damages, lost wages, and job related benefits and will continue to incur future lost income and job related benefits for the foreseeable future.

## Count I
## Failure to Accommodate as Required by the ADAAA

26. Paragraphs 1 through 25 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

27. Defendant failed to provide the disabled Plaintiff with a reasonable accommodation and/or failed to engage in good faith discussions with Plaintiff as required by the ADAAA.

28. As a result of Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages, and the value of benefits and will continue to incur lost wages and job related benefits into the future.

## Count II
## Discrimination in Violation of the ADAAA

29. Paragraphs 1 through 28 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

30. Plaintiff's disability was a motivating factor in Defendant's decision to terminate his employment.

31. Plaintiff's disability was a motivating factor in Defendant's refusal to offer Defendant Temporary Disability pursuant to Defendant's policies adopted in accordance with state statute.

32. Plaintiff's disability was a motivating factor in Defendant's refusal to offer Plaintiff additional leave.

33. As a result of Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages and job related benefits in the future.

### Count III
### Discrimination in Violation of the ADAAA

34. Paragraphs 1 through 33 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

35. Defendant denied Plaintiff's accommodation requests, and terminated Plaintiff in retaliation for engaging in the protected activity of requesting reasonable accommodations.

36. As a result of Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages and job related benefits in the future.

### Count IV
### Wrongful Termination

37. Paragraphs 1 through 36 inclusive, of Plaintiff's Complaint are incorporated herein by this reference and made a part hereof as though fully set forth at this point.

38. Defendant retaliated against Plaintiff for participating in one or more protected activities arising under the Nebraska Workers' Compensation Act and the Police Officers Retirement Act. Said action violates the common law of the State of Nebraska.

39. As a result of Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages into the future.

**Wherefore,** Plaintiff requests the Court to enter judgment for the benefit of Plaintiff as follows:

1. Declare the conduct of Defendant to be a violation of the rights of Plaintiff under the appropriate state or federal law or laws;

2.Direct Defendant to reinstate Plaintiff with an award of back pay, all the job related benefits to which he was entitled, including interest thereon, or to find that reinstatement is not appropriate and award him front pay according to law;

3.Award Plaintiff compensatory damages for pain, suffering, humiliation, inconvenience and emotional distress in an amount to be determined by the jury or the court;

4.Enjoin Defendant from any further discrimination or retaliation against Plaintiff;

5.Award Plaintiff costs and reasonable attorney's fees for Plaintiff's attorney; and

6.Such other and further relief as the Court deems just and reasonable and appropriate to make the Plaintiff whole in light of the wrong committed by Defendant.

**Demand for Jury**

Plaintiff hereby makes demand for a trial by jury comprised of twelve (12) jurors.

Dated:  August 14, 2017.

Rick W. Harms, Plaintiff


By:  s/ Glenn A. Pelster
Glenn A. Pelster, Id No. 25614
Attorney at Law
117 East 2nd Street
Post Office Box 449
Ogallala, Nebraska 69153
Tele:(308) 284-8408
Fax:(308) 284-8409
gpelster@pelsterlaw.com

Attorney for Plaintiff