IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICK W. HARMS,

                Plaintiff,

vs.

CITY OF NORTH PLATTE,

                Defendant.

8:17CV301

ORDER

This matter is before the Court on Defendant's Motion to Strike. ([Filing No. 9](#).) The motion will be granted.

**BACKGROUND**

Plaintiff's Complaint alleges that Defendant City of North Platte ("Defendant") discriminated against him on the basis of disability when it fired him from his position as a patrolman with the North Platte Police Department. ([Filing No. 1](#).) The Complaint alleges violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq*., as well as wrongful termination under Nebraska common law. Plaintiff asserts that his employment was terminated due to his disability and in retaliation for seeking workers' compensation benefits under the Nebraska Workers' Compensation Act and Temporary Disability Benefits under the Police Officers Retirement Act. Plaintiff also claims he was denied reasonable accommodations of light duty and additional leave. Plaintiff's Complaint requests that he be awarded compensatory damages for "pain, suffering, humiliation, inconvenience and emotional distress." ([Filing No. 1](#).) He also requests a jury trial.

**DISCUSSION**

Defendant asks that the Court strike, pursuant to Federal Rule of Civil Procedure 12(f), those portions of Plaintiff's Complaint which request (1) compensatory damages as to Plaintiff's ADA retaliation claim and (2) a jury trial as to Plaintiff's claim for retaliation under the ADA and Nebraska common law claims. Plaintiff has not responded to Defendant's motion.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion in ruling on motions under Rule 12(f). *BJC Health Systems v. Columbia Casualty Company*, 478 F.3d 908, 917 (8th Cir. 2007).

## 1. Compensatory Damages for Plaintiff's ADA Retaliation Claim

Plaintiff's ADA retaliation claim arises under 42 U.S.C. § 12203. This statute prohibits retaliation against an individual who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" based on an alleged ADA violation. 42 U.S.C. § 12203. Instead of listing specific remedies available for retaliation claims, section 12203 adopts the remedies available under 42 U.S.C. § 12117, which, in turn, adopts the remedies provided by 42 U.S.C. 2000e-5. Section 2000e-5(g) authorizes an award of certain equitable relief, such as back pay and reinstatement.

The Civil Rights Act of 1991 expands the remedies available under 42 U.S.C. 2000e-5 by providing for punitive and compensatory damages for certain claims. Section 1981a(a)(2) states:

> In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5 or 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794a(a)(1) of Title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of Title 29 and the regulations implementing section 791 of Title 29, or who violated the requirements of section 791 of Title 29 or the regulations implementing section 791 of Title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

42 U.S.C. § 1981a(b). This statute does not expressly allow recovery for compensatory damages for retaliation claims under § 12203.

Although there is a split of authority on this issue, many courts that have examined this remedial scheme have concluded that compensatory damages are not available for ADA retaliation claims. See *Casteel v. City of Crete*, No. 4:16CV3166, 2017 WL 3635184, *2 (D. Neb. Aug. 23, 2017) ("Sections 2003e-5 and 1981a(b) simply do not contain any language allowing for compensatory damages for violations of section 12203"); *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 965 (7th Cir. 2004) ("We thus conclude that the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available"); *Alvarado v. Cajun Operating Company*, 588 F.3d 1261, 1269-70 (9th Cir. 2009) ("[W]e hold . . . that the plain and unambiguous provisions of 42 U.S.C. § 1981a limit the availability of compensatory and punitive damages to those specific ADA claims listed. ADA retaliation is not on the list").

The Court finds the reasoning set forth in these cases persuasive. There is no language in this statutory scheme suggesting that compensatory damages are available for ADA retaliation claims. See *National R.R. Passenger Corp v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies"). Therefore, the Court concludes that Plaintiff may not recover compensatory damages on his ADA retaliation claim. Plaintiff's request for compensatory damages as to his ADA retaliation claim will be stricken from the Complaint.

### 2. Jury Demand

Defendant requests that the Court strike Plaintiff's jury demand as it relates to Plaintiff's ADA retaliation claim. Because compensatory damages are not allowed for retaliation claims under the ADA, Plaintiff's request for a jury trial on the issue of compensatory damages for his ADA retaliation will be stricken. See *Casteel*, 2017 WL 3635184 at *2 ("Having found compensatory damages are not allowed for a claim of retaliation under the ADA, Plaintiff's claim for a jury trial for compensatory damages for ADA retaliation is moot"). See also *Alvarado*, 588 F.3d at 1270 ("Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available").

Defendant further requests that Plaintiff's jury demand be stricken as to Plaintiff's state law claims. This request will likewise be granted. Defendant is a political subdivision and, thus, not subject to a jury trial on these state law claims. *See* [Teetor v. Dawson Public Power District, 2010 WL 415269, *1 (D. Neb. Jan. 25, 2010)](#) ("There is no right to a trial by jury in actions brought by or against a Nebraska political subdivision"). "Although Nebraska has, by statute, waived its sovereign immunity with respect to suits against its political subdivisions . . . this waiver is limited and does not permit such actions to be tried before a jury." [Rohren v. Centennial Public School, Dist. 67-R, No. 4:07CV3150, 2007 WL 4118943, *2 (D. Neb. Nov. 16, 2007)](#). *See also* [Casteel, 2017 WL 3635184 at *3](#) ("The legislature has determined when and how it will waive the State's sovereign and governmental immunity . . . [a] waiver of such immunity must be stated in express language or by clear implication") (quotation and citation omitted). There is no indication that Nebraska has waived its immunity with respect to suits alleging retaliation for seeking workers' compensation benefits under the Nebraska Workers' Compensation Act and Temporary Disability Benefits under the Police Officers Retirement Act.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike ([Filing No. 9](#)) is granted. Plaintiff's request for compensatory damages on his ADA retaliation claim is stricken from the Complaint. Plaintiff's jury demand is stricken as it relates to his claim for compensatory damages on his ADA retaliation claim and Nebraska common law claims. Defendant shall file an answer to Plaintiff's Complaint within fourteen (14) days of this Order.

DATED December 19, 2017.

                                                BY THE COURT:

                                                S/ Susan M. Bazis
                                                United States Magistrate Judge