IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK W. HARMS, | ) | Civil Action No. 8:17-cv-301 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER** |
| v. | ) | |
| | ) | |
| CITY OF NORTH PLATTE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant City of North Platte ("Defendant") and files the following Answer to Plaintiff Rick W. Harms' ("Plaintiff") Complaint.

1. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits and denies the allegations contained in Paragraph 4 of Plaintiff's Complaint as indicated in Paragraphs 1 – 3 above.

5. Defendant admits this Court has original jurisdiction of all civil actions arising under the laws of the United States pursuant to 28 U.S.C. § 1331 and may decline to exercise supplemental jurisdiction over the state law claims in this matter under 28 U.S.C. § 1367 as alleged in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits venue is proper under 28 U.S.C. § 1391, as Defendant resides in this judicial district as alleged in Paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. Defendant admits that Plaintiff filed a charge of discrimination against Defendant with the Nebraska Equal Opportunity Commission ("NEOC") on August 26, 2015, and the U.S. Equal Employment Opportunity Commission ("EEOC") as alleged in Paragraph 9 of Plaintiff's Complaint. Defendant admits the NEOC found sufficient evidence to support a reasonable cause finding that discrimination as alleged by Plaintiff regarding the issues of reasonable accommodation and termination as alleged in Paragraph 9 of Plaintiff's Complaint. The NEOC further found on May 20, 2016, the evidence fails to support the allegations of Plaintiff under the Nebraska Fair Employment Practice Act regarding the issue of discipline and issued a no reasonable cause finding. The U.S. Department of Justice issued a right to sue notice as alleged in Paragraph 9 of Plaintiff's Complaint, on May 9, 2017, after determining not to file suit on the Plaintiff's charge that was referred to the Justice Department by the EEOC. Defendant lacks sufficient knowledge to admit or deny Plaintiff timely filed this action within ninety (90) days' notice of receipt of the notice of right to sue as alleged in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. Defendant admits and denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as indicated in Paragraphs 1 – 9 above.

11. Defendant admits Plaintiff was employed by the Defendant on August 7, 2001, as a police officer with the City of North Platte Police Department as alleged in Paragraph 11 of

Plaintiff's Complaint. Defendant denies Plaintiff's performance with Defendant was satisfactory as alleged in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits Plaintiff was disabled as that term is defined by the ADAAA as alleged in Paragraph 12 of Plaintiff's Complaint, but cannot admit or deny as to the allegations of Plaintiff being disabled "[a]t all times alleged herein" by Plaintiff in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Defendant admits on March 25, 2011, Plaintiff was involved in a fatality shooting within the scope and course of his employment as a police officer for the Defendant as alleged in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits receiving a letter from Plaintiff's psychologist dated February 13, 2015, that Plaintiff feels unable to perform his duties as a law enforcement officer as alleged in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits it maintains temporary disability benefits pursuant to its Police Officers' Pension Plan as alleged in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits Plaintiff sought benefits under Nebraska's Workers' Compensation Act as alleged in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits Plaintiff requested on June 25, 2015, light duty work at the Animal Shelter, which was not granted for the reason that the Defendant had more than enough manpower working at the North Platte Animal Shelter in the form of volunteer labor and prisoners performing public service in lieu of jail as alleged in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits Plaintiff requested leave on July 20, 2015, as alleged in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits and denies the allegations contained in Paragraph 26 of Plaintiff's Complaint as indicated in Paragraphs 1 – 25 above.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits and denies the allegations contained in Paragraph 29 of Plaintiff's Complaint as indicated in Paragraphs 1 – 28 above.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits and denies the allegations contained in Paragraph 34 of Plaintiff's Complaint as indicated in Paragraphs 1 – 33 above.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. The Court on December 19, 2017, granted Defendant's motion to strike Plaintiff's request for compensatory damages on his ADA retaliation claim (Filing No. 11).

37. Defendant admits and denies the allegations contained in Paragraph 37 of Plaintiff's Complaint as indicated in Paragraphs 1 – 36 above.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant generally denies each and every allegation of Plaintiff's Complaint, except such allegations as are explicitly admitted herein and those allegations which constitute admissions against Plaintiff's interest.

## AFFIRMATIVE DEFENSES

41. Plaintiff's alleged claims are barred by *res judicata*.

42. On July 28, 2015, the Defendant issued a letter to Plaintiff notifying him that his failure to report for employment for a period of two days following July 22, 2015, was effectively a voluntary termination of his employment and that the Defendant was treating Plaintiff as a resigned employee as of July 22, 2015, pursuant to Article XXVII Section 5 of the Collective Bargaining Agreement.

43. Plaintiff appealed his termination of employment to the Defendant's Civil Service Commission, but he was not reinstated by the Commission.

44. Plaintiff has exhausted his administrative remedies by challenging his termination of employment, and the District Court of Lincoln County in a lawsuit brought by Plaintiff against the Defendant decided not to reverse the decision of the Civil Service Commission, as Plaintiff did not appeal his adverse determination by the Civil Service Commission within the statutory claim period, the Plaintiff's claim that he was wrongfully terminated was dismissed with prejudice by the District Court of Lincoln County in Case No. CI 15-381 on August 21, 2017.

45. No reasonable accommodation is available to allow Plaintiff to perform the essential functions of his job with the Defendant.

46. Plaintiff is not entitled to an award of back pay, benefits, interest, reinstatement, or front pay because Plaintiff could not perform the essential functions of his job.

47. Plaintiff has not sustained any recoverable damages.

48. Plaintiff's alleged claims may be barred as Plaintiff may have failed to exhaust his administrative remedies.

49. Plaintiff's claims may be barred as the Nebraska Workers' Compensation Act, the City's Police Pension Plan, and/or Collective Bargaining Agreement are Plaintiff's exclusive remedies against the Defendant for an injury arising out of and in the course of his employment.

50. Plaintiff's allegations and claims which were not included in the charge filed with the NEOC and the EEOC are now barred by the failure to exhaust state, federal, jurisdictional, and administrative remedies and by the applicable statute of limitations.

51. Defendant affirmatively alleges compliance and conduct consistent with all aspects and applicable rights and obligations identified in applicable provisions of any state and federal anti-discrimination statutes, including, but not limited to, the ADAAA.

52. Plaintiff has failed to state a claim upon which relief may be granted.

53. Plaintiff's claims based on alleged acts of discrimination occurring more than 300 days prior to the filing of a valid charge of discrimination with the NEOC and the EEOC are barred by the applicable statute of limitations.

54. Defendant promulgated and maintained policies and procedures designed to prevent and correct any alleged discrimination in the workplace, including discrimination based on disability and retaliation.

55. Plaintiff is not entitled to compensatory damages for pain, suffering, humiliation, inconvenience, and emotional distress, attorney's fees, and costs.

56. Defendant is entitled to its attorney's fees and costs for defending this meritless action.

57. To the extent that Plaintiff has suffered any damages, Plaintiff failed to mitigate his damages.

58. Defendant is entitled to an offset against any back pay award for the disability benefit payments received by Plaintiff.

59. Defendant is entitled to the cap on compensatory damages set forth in 42 U.S.C. § 1981a(b)(3).

60. Plaintiff's jury demand has been stricken as it relates to his claim for compensatory damages on his ADA retaliation claim and the Nebraska common law claims (Filing No. 11).

61. To the extent that any other affirmative defenses may apply or that may become apparent during the continuing course of discovery in this action (including the defense of after acquired evidence), the same are hereby presently asserted, and the right to amend this answer to specifically assert the same is hereby reserved.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed, that Defendant be awarded its costs and attorney's fees, and for any other relief that the Court deems necessary.

DATED this 29th day of December, 2017.

                CITY OF NORTH PLATTE, Defendant

By:   WOODS & AITKEN LLP
       JERRY L. PIGSLEY, #16639
       301 South 13th Street, Suite 500
       Lincoln, NE 68508-2578
       (402) 437-8500
       jpigsley@woodsaitken.com

By:   *s/ Jerry L. Pigsley*
       One of Said Attorneys

## CERTIFICATE OF SERVICE

  I certify that on the 29th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Glenn A. Pelster, Esq.
Attorney at Law
117 East 2nd Street
P.O. Box 449
Ogallala, NE 69153

                *s/ Jerry L. Pigsley*
                One of Said Attorneys